SUMNER W. BACON, plaintiff in error, vs. THOMAS J. SMITH, defendant in error.

The purchaser of land gave his note to the vendor for the purchase money and went into possession. A bond for titles was given, which, in addition to the other stipulations, contained the following : "But should the said Bacon (the vendee) fail or refuse to pay said notes, or either of them, punctually when due, then in that event the above obligation is hereby declared to be null and void, and the possession which said Bacon acquires under this instrument is hereby restored to said Smith (the vendor) or his heirs, forthwith, and said Bacon held liable for all , rents and damages which may be considered just and right :" *Held*, that in an action brought by the vendor on the note first due, the vendee could not defend by setting up that he had the right to surren - der the possession of the land at the maturity of the note and claim the rescision of the contract by the payment of the rent and damages, and that he had offered so to do.

Bond for titles. Vendor and purchaser. Damages. Before AUGUSTUS REESE, Esq., Judge *pro hac vice.* Jasper Superior Court. August Term, 1873.

Bacon *vs.* Smith.

Smith brought complaint against Bacon on the following note:

"$750 00. On or before the first day of January, 1873, I promise to pay Thomas J. Smith, or bearer, seven hundred and fifty dollars, with seven per cent. interest per annum, from this date, in part payment for the purchase from him of two hundred acres of land, more or less, known as his Johnson field, for value received. This first day of January, 1872.

(Signed)                                        "S. W. Bacon."

The defendant pleaded, in brief, that the note sued on was given in part payment for a certain lot of land; that the plaintiff gave his bond conditioned to make titles upon the payment of the notes for the purchase money, to which was added the following stipulation: "But should the said Bacon fail or refuse to pay said notes, or either of them, punctually when due, then and in that event the above obligation is hereby declared to be null and void, and the possession which said Bacon acquires under this instrument is hereby restored to said Smith or his heirs, forthwith, and the said Bacon held liable for all rents and damages which may be considered just and right." That this instrument was signed by both plaintiff and defendant; that being unable to meet the aforesaid note at maturity, the defendant tendered to the plaintiff the land aforesaid with reasonable rents, etc.; that he is now willing, and always has been, to restore said land with such rents, but the plaintiff has refused, and still refuses, to accept the same; that on the failure of the defendant to meet his said note at maturity, said obligation to make titles became null and void, and as a consequence, said note also became so.

The plaintiff introduced the note sued on and closed.

The defendant introduced the contract set forth in his plea. Other testimony, not material here, was introduced by both parties.

The court charged the jury, among other things, as follows: "Time was not of the essence of this contract, and upon the

failure or refusal of the defendant to pay said notes, or either of them, at maturity, the said plaintiff had the right either to take the land back or to sue upon said notes as he might elect, and having elected to sue upon said notes, he could recover notwithstanding the fact that the defendant tendered the land back, having failed to pay said notes when due."

The jury found for the plaintiff the amount sued for. The defendant moved for a new trial because of error in the aforesaid charge, and because the verdict was contrary to the law and the evidence. The motion was overruled, and the defendant excepted.

Key & Preston, by Jackson & Clarke, for plaintiff in error.

C. L. Bartlett, for defendant.

Trippe, Judge.

A fact stated in the testimony of the defendant himself, not urged in the argument or set out in the reporter's statement, was sufficient to justify the judgment of the superior court. The witness (the vendee) said that when he proposed to the vendor to surrender the land and pay rent, etc., he asked that he should be allowed payment for the improvements he had put on the land. This, even under the construction he desires to be given to the contract, he had no right to demand. But we do not rest the judgment on this. The right to rescind the contract of sale, and to have the possession redelivered to the vendor, was a condition put in the bond for his own security, as a penalty, so to call it, on the vendee for failing to comply with his contract. It would make the whole contract an unreasonable one to give it any other construction. To say that it was intended to give the purchaser the right to vacate the whole sale at his will, by simply failing or refusing to pay the first note when it fell due, and only to pay rent, would be in direct conflict with the terms of the notes. They are made payable to bearer, and on time, and have no condition. Had

Bacon *vs.* Smith.

this right—the right to cancel the sale—been reserved to the purchaser, or had it been the intention of the parties to have reserved it to him, other terms would have been used in the writings.   Because the vendor stipulated that he should have a certain security to ensure the payment of the purchase money, it did not confer on the purchaser the power to vacate the sale and to force the seller to lose all right but the one to demand possession and take the land back.   The case of Clark *vs.* O'Loughlin, in Morris' Rep. (Iowa,) 375, is analogous to this, and strongly supports our decision.   See, also, 6 Ves. Ch. 94; 13 Sim., 206; 1 Colly, 223 ; 11 Paige, 352; 5 Cowen, 270. The terms of the contract as to the *forfeiture*—the right of the vendor to regain possession—apply to the non-payment of the second note as well as the first.   It was for one-half of the purchase money, and was payable one year after the first note matured.   If the vendee had paid the first note when due, and had made improvements as he testified he did, could the vendor, on the failure to pay the second note, have claimed, on his part, to set aside the sale and to take possession ; or could the vendee, after such default, have tendered the balance and demanded a specific performance?   On this question see Edgerton *vs.* Peckham, 11 Paige, 352, showing how far courts go in applying the rule that time is not of the essence of such contracts.   It is not necessary to say here what was the full measure of plaintiff's right when the vendee failed in making the first payment, or whether that part of the court's charge as to his right to take the land back, was correct or not.   The plaintiff chose to abide the contract of sale and sue on the note. He had this right, and the defendant could not by his default claim a rescision and defeat the vendor's whole claim by offering to pay the rent, etc., for the year.

Judgment affirmed.